# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JEFFRIES, | Case No. 1:25-cv-01966-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDR, AND FAILURE TO PROSECUTE |
| v. | |
| YOUNG, | |
| Defendant. | (ECF No. 9) |
| | **FOURTEEN (14) DAY DEADLINE** |

### I.    Background

Plaintiff Anthony Jeffries ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action pursuant to *Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act.

On May 27, 2026, the Court screened Plaintiff's complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim upon which relief may be granted. (ECF No. 9.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or notice of voluntary dismissal within 30 days. (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (*Id.*)  Plaintiff failed to file an amended complaint or

1

otherwise communicate with the Court, and the deadline to do so has expired.

## II.    Failure to State a Claim

### A.  Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.  Plaintiff's Allegations

Plaintiff is currently housed at FCI La Tuna in Anthony, New Mexico.  The events in the complaint are alleged to have occurred at FCI Mendota.  Plaintiff names Case Manager Young as the sole defendant.

In Claim I, Plaintiff asserts a violation of the Eighth Amendment.  He alleges:

On December 8, 2023 Case Manager Young informed the White boys at FCI Mendota that a inmate with bad paperwork was running within their car.  Another inmate believed the information was about him and checked into the Special

Housing Unit.  Upon Case Manager Young's return to work he specifically informed the other prisoners that I was a Sex Offender.  On Saturday December 16, 2023 I was threatened, and forced to check in to the SHU.  On the same day, Mr. Watts committed suicide due to this information being released, and both of us were "green lighted:" by the cars due to running under them while possessing bad paperwork.

(ECF No. 1 at 3.)

In Claim II, Plaintiff asserts a claim for negligence.  He alleges:  "Case Manager Young did not follow B.O.P. policy regarding employee conduct by releasing information of inmates to other inmates.  This directly conflicts with policy, and Mr. Youngs specific job title."  (ECF No. 1 at 4.)

As relief, Plaintiff seeks monetary damages, punitive damages, and declaratory relief.

### C.  Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.

**Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short, but it fails to include sufficient factual matter to state a claim to relief that is plausible on its face.  Plaintiff's complaint does not clearly state what happened, when it happened, and who was involved.  Plaintiff's brief and conclusory statements are not sufficient.

**_Bivens_**

To date, the Supreme Court has only recognized a *Bivens* remedy in the context of the

3

Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citations omitted); *see Egbert v. Boule*, 596 U.S. 482, 483 (2022) (The Court reiterated that "recognizing a Bivens cause of action is 'a disfavored judicial activity.'").

Traditionally, courts applied a two-part test to determine the appropriateness of extending a *Bivens* cause of action. First, the Court examined whether the claim arises in a "new context" or involves a "new category of defendants." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). Second, if the claim does indeed arise in a new context, the Court assessed whether there exists any "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 582 U.S. at 136 (internal quotations omitted). However, the Supreme Court recently reformulated this test. In *Egbert*, the Supreme Court determined that these two steps can be distilled to one single inquiry; that is, "whether there is any reason to think that Congress might be better equipped to create a damages remedy." 596 U.S. at 492. Further, the Court specified that if there is even one rational reason to defer to Congress to afford a remedy, then "a court may not recognize a *Bivens* remedy." *Id.* Practically, the Court concluded that a rational reason for deference to Congress will exist "in most every case." *Id.*

Finally, the presence of an alternative remedial structure counsels against extending *Bivens* to a new cause of action. The Court may not even determine the adequacy of the alternative remedy, as this too is a task left to Congress. *Egbert*, 596 U.S. at 498. Indeed, "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* This remains true "even if a court independently concludes that the Government's procedures are 'not as effective as an individual damages remedy.'" *Id.* (quoting

4

*Bush v. Lucas*, 462 U.S. 367, 372 (1983)).

Plaintiff's allegations are properly characterized as an Eighth Amendment claim for deliberate indifference against Defendant Young for informing other prisoners Plaintiff was a sex offender, which differs from a claim for failure to provide medical care or treatment. As indicated above, in *Carlson*, the Supreme Court extended *Bivens* to a claim arising from the Cruel and Unusual Punishments Clause of the Eighth Amendment based on the failure to provide adequate medical treatment. 446 U.S. 14.  However, deliberate indifference to a serious medical need, *see Carlson*, 446 U.S. at 16 n.1, is different than Plaintiff's claim.  Accordingly, because Plaintiff's Eighth Amendment deliberate indifference claim arises in a different context from that of *Carlson*, the Court also must employ a special factors analysis for this claim.

As discussed in *Ziglar*, "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Ziglar*, 582 U.S. at 148. It is clear Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process and a federal tort claims action. Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Id.* As noted by the Supreme Court:

> Some 15 years after *Carlson* was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to Bivens suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

*Id.* (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new *Bivens* cause of action arising out of Plaintiff's Eighth Amendment deliberate indifference claim in these circumstances.

### Federal Tort Claims Act ("FTCA")

"The FTCA, 28 U.S.C. §§ 1346, 2671–80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)).

"The United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to the plaintiff under California tort law. *United States v. Olson*, 546 U.S. 43, 44 (2005); *Delta Savings Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001)). "The law of the place in § 1346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[ ] must be found in California state tort law." *Delta*, 265 F.3d at 1025 (internal citations and quotation marks omitted).

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal. App. 4th 983, 994, 70 Cal. Rptr. 3d 519 (2008) (internal quotations omitted)).

Plaintiff's conclusory allegations are not sufficient to state a cognizable claim under the FTCA.  Plaintiff alleges in a conclusory fashion that Defendant Young informed other prisoners that Plaintiff was a sex offender in conflict with B.O.P. policy.  However, Plaintiff includes no other factual allegations regarding the alleged disclosure of information to "other prisoners," such as to whom the disclosure was made.  In addition, Plaintiff has not identified the United States as a defendant, and the United States is the only proper defendant in an FTCA action.

**III.    Failure to Prosecute and Failure to Obey a Court Order**

**A.  Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.  Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's May 27, 2026 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation for dismissal of this action, with prejudice, for failure to state a claim, failure to

obey a court order, and failure to prosecute. (ECF No. 9.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. It appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV.    Conclusion and Recommendation

The Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __**July 7, 2026**__                          __/s/ *Barbara A. McAuliffe*__
                                                                            UNITED STATES MAGISTRATE JUDGE