# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY JEFFRIES,

          Plaintiff,

  v.

YOUNG,

          Defendant.

Case No.  1:25-cv-01966-JLT-BAM (PC)

ORDER VACATING JULY 7, 2026 FINDINGS AND RECOMMENDATIONS (ECF No. 11)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 10)

**FOURTEEN (14) DAY DEADLINE**

## I.   Background

Plaintiff Anthony Jeffries ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action pursuant to *Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act.

On May 27, 2026, the Court screened Plaintiff's complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim upon which relief may be granted.  (ECF No. 9.)  The Court granted Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within 30 days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute.  (*Id.*)  On July 7, 2026, after Plaintiff failed to respond to the Cout's order, the Court issued findings and recommendations that this action be dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and for Plaintiff's failure to

1

prosecute.  (ECF No. 11.)

Plaintiff filed a first amended complaint on July 6, 2026, which was entered on this Court's docket on July 7, 2026.  (ECF No. 10.)  Based on this filing, the Court finds it appropriate to vacate the July 7, 2026 findings and recommendations.  Plaintiff's first amended complaint is now before the Court for screening.

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## III.    Plaintiff's Allegations

Plaintiff is currently housed at FCI La Tuna in Anthony, New Mexico.  The events in the first amended complaint are alleged to have occurred at FCI Mendota.  Plaintiff names the following defendants: (1) Case Manager Young; and (2) United States of America.

2

In Claim I, Plaintiff asserts a violation for deliberate indifference to his safety in violation of the Eighth Amendment.  He alleges:

> On December 8, 2023 Case Manager Young informed the "White Boys", specifically Ray Louthian, at FCI Mendota that a[n] individual was on the compound running under them that was a Sex Offender.  Mr. Watts believed the information of "bad paperwork" was about him and checked in.  After the weekend concluded and Case Manager Young returned he specifically named me to Ray Louthian as the individual that had Sex Offender paperwork.  On December 16, 2026 I was threatened, and forced to check in to the SHU.[1]  Mr Watts unfortunatly [sic] committed suicide due to this incident, and I was rev,pved [sic] further from home.

(ECF No. 10 at 3.)

In Claim II, Plaintiff asserts a claim for negligence.  He alleges that because Mr. Young disclosed information to inmates deemed sensitive, he was in violation of Program Statement, 3420.11 Standards of Employee Conduct.  His job title under this program statement required the safety of such information.  For Case Manager Young to disclose this information, knowing it would affect the safety of Plaintiff in that institution was "serious negligence of his responsibilities."  (ECF No. 10 at 4.)

As relief, Plaintiff seeks monetary damages, punitive damages, and declaratory relief.

**IV.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief under *Bivens* or the Federal Tort Claims Act.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id*.;

---

[1] Reference to "December 16, 2026" appears to be a typographical error.

3

*see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is short, but it fails to include sufficient factual matter to state a claim to relief that is plausible on its face. Plaintiff's complaint does not clearly state what happened, when it happened, and who was involved. Plaintiff's brief and conclusory statements are not sufficient.

**B. *Bivens***

To date, the Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citations omitted); *see Egbert v. Boule*, 596 U.S. 482, 483 (2022) (The Court reiterated that "recognizing a Bivens cause of action is 'a disfavored judicial activity.'").

Traditionally, courts applied a two-part test to determine the appropriateness of extending a *Bivens* cause of action. First, the Court examined whether the claim arises in a "new context" or involves a "new category of defendants." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). Second, if the claim does indeed arise in a new context, the Court assessed whether there exists any "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 582 U.S. at 136 (internal quotations omitted). However, the Supreme Court recently reformulated this test. In *Egbert*, the Supreme Court determined that these two steps can be distilled to one single inquiry; that is, "whether there is any reason to think that Congress might be better equipped to create a damages remedy." 596 U.S. at 492. Further, the Court specified that if there is even one rational reason to defer to Congress to afford a remedy, then "a court may not recognize a *Bivens* remedy." *Id.* Practically, the Court concluded that a rational reason for deference to Congress will exist "in most every case." *Id.*

Finally, the presence of an alternative remedial structure counsels against extending *Bivens* to a new cause of action. The Court may not even determine the adequacy of the alternative remedy, as this too is a task left to Congress. *Egbert*, 596 U.S. at 498. Indeed, "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* This remains true "even if a court independently concludes that the Government's procedures are 'not as effective as an individual damages remedy.'" *Id.* (quoting *Bush v. Lucas*, 462 U.S. 367, 372 (1983)).

Plaintiff's allegations are properly characterized as an Eighth Amendment claim for deliberate indifference against Defendant Young for informing another prisoner that Plaintiff was a sex offender, which differs from a claim for failure to provide medical care or treatment. As indicated above, in *Carlson*, the Supreme Court extended *Bivens* to a claim arising from the Cruel and Unusual Punishments Clause of the Eighth Amendment based on the failure to provide adequate medical treatment. 446 U.S. 14.  However, deliberate indifference to a serious medical need, *see Carlson*, 446 U.S. at 16 n.1, is different than Plaintiff's claim.  Accordingly, because Plaintiff's Eighth Amendment deliberate indifference claim arises in a different context from that of *Carlson*, the Court also must employ a special factors analysis for this claim.

As discussed in *Ziglar*, "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Ziglar*, 582 U.S. at 148. It is clear Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process and a federal tort claims action. Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Id.* As noted by the Supreme Court:

> Some 15 years after *Carlson* was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to Bivens suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

*Id.* (internal citations omitted). Congress has been active in the area of prisoners' rights, and its

5

actions do not support the creation of a new *Bivens* cause of action arising out of Plaintiff's Eighth Amendment deliberate indifference claim in these circumstances.

### C. Federal Tort Claims Act ("FTCA")

"The FTCA, 28 U.S.C. §§ 1346, 2671–80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)). "The United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to the plaintiff under California tort law. *United States v. Olson*, 546 U.S. 43, 44 (2005); *Delta Savings Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001)). "The law of the place in § 1346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[ ] must be found in California state tort law." *Delta*, 265 F.3d at 1025 (internal citations and quotation marks omitted).

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal. App. 4th 983, 994, 70 Cal. Rptr. 3d 519 (2008) (internal quotations omitted)).

Plaintiff's conclusory allegations are not sufficient to state a cognizable claim under the FTCA.  Plaintiff alleges that Defendant Young informed another inmate that Plaintiff was a sex offender in conflict with employee conduct standards.  However, Plaintiff includes no other factual allegations linking that disclosure to him being threatened.  Plaintiff also does not include factual allegations regarding  him being "threatened," such as the nature of the threat or by whom the threat was made.  In other words, Plaintiff fails to allege a reasonably close connection

6

between Defendant Young's conduct and Plaintiff being "threatened." Despite being provided with the relevant standards, Plaintiff has been unable to cure the deficiencies in this claim.

### V.    Conclusion and Recommendation

Based on the foregoing, it is HEREBY ORDERED that the findings and recommendations issued on July 7, 2026, (ECF No. 11), are VACATED.

Furthermore, the Court finds that Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief under *Bivens* or the FTCA. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his amended complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 8, 2026**                    /s/ *Barbara A. McAuliffe*

                                        UNITED STATES MAGISTRATE JUDGE