**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ANTHONY JEFFRIES,

Plaintiff,

v.

YOUNG,

Defendant.

Case No. 1:25-cv-01966 JLT BAM

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART

(Doc. 12)

Anthony Jeffries is an inmate in the custody of the Federal Bureau of Prisons. He is appearing pro se in this case. His allegations are about events that occurred while he was incarcerated in FCI Mendota. (*See* Doc. 10 at 3.)

Jeffries alleges that in late 2023, a case manager in that facility warned a member of a race-based prison gang that there was a sex offender living on the compound the gang controlled. (*See id.*) The case manager did not name the inmate. (*See id.*) Word of this warning got out, and an inmate named Watts came to fear that he was going to be targeted. (*See id.*) He came to prison officials to ask for protection. (*See id.*) Watts was wrong; he was not the target. (*See id.*) When the case manager learned that Watts had asked for protection, he contacted the gang again and named Jeffries as the one with "bad paperwork." (*Id.*) A few days later, Jeffries began to receive threats and, fearing for his safety, asked for protection and was moved into the Secure Housing Unit. (*Id.*) Eventually, Jeffries was transferred to a prison farther from his home and

family. (*See id.*)

Jeffries filed this case in late 2025. (*See* Doc. 1.) He asserted a constitutional claim against the case manager under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and a statutory claim under the Federal Tort Claims Act. (*See id.* at 1.) The matter was referred to the assigned magistrate judge, who issued a screening order. (Doc. 9.) She interpreted the *Bivens* claim as a claim that the case manager had acted with deliberate indifference to Jeffries' safety and found that this claim arose in a "different context" than the claims in *Carlson v. Green*, 446 U.S. 14 (1980). (*See* Doc. 9 at 4–5.) Then, because Jeffries had alternative remedies, and because Congress has not extended the reasoning of *Carlson* to other types of prisoner mistreatment, the magistrate judge found that Jeffries could not state a claim under *Bivens*. (*See id.* at 5.) The magistrate judge dismissed the claim under the Federal Tort Claims Act because Jeffries's allegations about the case manager's disclosure were "conclusory," and because he had not named the United States as a defendant, as required. (*See id.* at 5–6.)

The magistrate judge permitted Jeffries to amend his complaint, which he has now done. (Doc. 10.) He now names the United States as a defendant. (*See id.* at 1.) His allegations are otherwise essentially unchanged. (*See id.* at 3–4.) The magistrate judge has screened the amended complaint and recommends dismissing it without leave to amend. (Doc. 12.) Jeffries objects to the findings and recommendations in part. He concedes that his *Bivens* claim is foreclosed by *Egbert v. Boule*, 596 U.S. 482 (2022), but he argues that the magistrate judge should have construed his allegations more liberally and permitted him a second opportunity to amend in an event. (*See id.*) The Court has reviewed the matter de novo. *See* 28 U.S.C. § 636(b)(1).

The Court adopts the magistrate judge's recommendation to dismiss the *Bivens* claim without leave to amend. There are "sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy," as the magistrate judge explained. *Egbert*, 596 U.S. at 491 (quoting *Ziglar v. Abassi*, 582 U.S. 120, 137 (2017)).

The Court likewise adopts the magistrate judge's recommendation to dismiss the claim under the Federal Tort Claims Act, though for a different reason. The complaint is short and

plain, but Rule 8 does not require more. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). With the benefit of "judicial experience," *Iqbal*, 556 U.S. at 679, it is plausible to infer that the case manager breached a duty of care owed to Jeffries. According to Jeffries, he told the members of a prison gang that a sex offender was assigned to the same compound, then directed the gang to Jeffries when it appeared that the wrong man had come under scrutiny. (*See* Doc. 12 at 6 (listing elements of a negligence claim).) It is plausible to infer that threats a few days later were a proximate cause of this breach.

However, under the Federal Tort Claims Act, as distressing as the situation must have been and still is, emotional harm and fear are insufficient to plead a cause of action. The Federal Tort Claims Act provides, "No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . ." 28 U.S.C. § 1346(b)(2).[1] Unequivocally, in the First Amended Complaint and in the original complaint, Jeffries indicates that he suffered threats (Doc. 1 at 3, 4; Doc. 10 at 3, 4), was forced to move into protective custody and, ultimately, was moved to an institution that was "further from support of family" (Doc. 1 at 3) and "further from home" (Doc. 10 at 3). With a physical injury, Jeffries cannot proceed on his FTCA claim. The Court does not grant leave to amend because in his two opportunities to plead his claim, he has remained clear that mental and emotional injuries were inflicted on him but not physical injuries. Consequently, the Court finds that amendment would be futile.

///

///

///

///

///

///

[1] Though Jeffries seeks declaratory judgment, he has failed to allege facts to demonstrate any entitlement to this relief. Moreover, there is no doubt that a member of staff at a correctional facility may not disclose information about an inmate that is certain to place the inmate at risk.

Thus, the Court **ORDERS**:

1. The Court **ADOPTS** the findings and recommendations.

2. The case is **DISMISSED WITHOUT LEAVE TO AMEND.**

IT IS SO ORDERED.

Dated: _November 6, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE